ALLEN HYMAN, ESQ. (CBN: 73371)
CHRISTINE COVERDALE, ESQ. (CBN: 195635)
LAW OFFICES OF ALLEN HYMAN
10737 Riverside Drive
North Hollywood, California 91602
(818) 763-6289 or (323) 877-3405
Fax: (818) 763-4676
Email: lawoffah@aol.com

Attorneys for Plaintiff and Counter-defendant,
MOMENTUM MANAGEMENT LLC d/b/a BUSHMAN PRODUCTS

## UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOMENTUM MANAGEMENT LLC d/b/a BUSHMAN PRODUCTS, a California limited liability company, | CASE NO. CV 07-7863 PSG (JCx) |
| Plaintiff, | **PROTECTIVE ORDER** |
| v. | **CHANGES MADE BY COURT [IN BOLD]** |
| MICHAEL KELCH, et al., | |
| Defendants. | |
| AND ALL RELATED COUNTER-ACTIONS. | |

## PROTECTIVE ORDER

To adequately protect disclosure of confidential information entitled to be retained as confidential, and to ensure that protection is afforded only to information entitled to such protection, and to facilitate the prompt resolution of disputes over confidentiality, pursuant to this Court's authority under F.R.C.P. Rule 26(c) and with the consent of the parties, it is ORDERED as follows:

## **The Subject Matter Of This Protective Order**

1.    This Order shall apply to documents, things or information produced in discovery in this case that contain trade secrets or confidential research, development, or commercial information of the producing party encompassed by F.R.C.P. Rule 26(c)(7).

2.    If the producing party has made a good faith determination that such documents, things, or information contains such trade secrets or confidential research, development or commercial information of the producing party, then the producing party may designate such material as either "Confidential Material" or as "Trade Secret," or "Attorneys Eyes Only," ("AEO").

3.    The definitions applicable to this Order are:

(a)   "Document" shall mean any written, typed or printed matter of any kind, photographs, computer files, or any other medium for preserving, duplicating or recording written or spoken information.

(b)   "Independent Consultant(s)" shall mean any technical consultant(s) or expert(s) hired solely for the purpose of assisting with this action.

(c)   "Independent Consultant(s)" does not include any consultant(s) or expert(s) who were employees, are present employees or who were or are consultants to the parties, or who are the parties.

(d)   "Party Document" shall mean any document produced by a party.

(e)   "Receiving Party" refers to the party or parties who received the material in question.

(f)   "Confidential Information," is information that is confidential, which in the party's estimation is normally of a confidential business nature, that can be disclosed to the opposing party and its designated experts without potential injury or harm to the disclosing party.

(g)   "Attorneys Eyes Only ("AEO") is documentation, or information, including a formula, compilation of information, specifications, or manufacturing or other business information that:

(i)   derives independent economic value, actual or potential, from not being generally known, and not readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use, or is proprietary business information that would not be disclosed to a competitor, and

(ii) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

4.   There are two categories of disclosure: (1) "Confidential" and (2) AEO.

5.   A producing party designating disclosures as "Confidential Material" shall in correspondence with the production identify the documentation by Bates stamp numbers as "Confidential."

6.   A producing party designating disclosures (information, documents or testimony) as AEO, shall identify the deposition testimony as AEO, shall mark the documents by Bates stamp number, and shall notify the opposing party in writing of the designation.
///

7.   Disclosures designated as "Confidential" will be disclosed only to: (a) independent counsel and their staff; (b) independent consultants, and (c) the opposing party's designees, (which can include in-house counsel, or officers or other employees of the party). **Disclosure may not be made to** the independent consultant, or any of the opposing party's designees, **unless prior to such disclosure, such independent consultant or designee** agree**s** in writing to be bound by this Protective Order (by execution of Exhibit A attached). **Disclosure may also be made to the Court and Court personnel in accordance with paragraph 13 below.**

8.   Disclosures designated as AEO will be disclosed only to: (a) independent counsel and their staffs, and (b) independent counsel retained experts. **Disclosure of AEO information may not be made to independent counsel retained experts unless prior to such disclosure such** independent counsel retained expert agree**s** in writing to be bound by this Protective Order (by execution of Exhibit A attached). **Disclosure may also be made to the Court and Court personnel in accordance with paragraph 13 below.**

<u>Permissible Use Of Confidential And AEO Disclosures</u>

9.   Disclosures designated as "Confidential" **or AEO**, shall be used solely for purposes of all aspects of this case, including but not limited to: discovery, pre-trial proceedings, trial preparation, trial, and appellate proceedings.

10.   With regard to corporate parties, the receiving party is to designate one or more corporate representatives of the receiving party who is to have access to Confidential Material, upon independent counsel providing the attorneys of the disclosing party with a listing of the identity or identities of those corporate

representatives who have received confidential information.  Each
corporate representative will execute a non-disclosure agreement
(attached as Exhibit A), a copy of which shall be furnished to the
disclosing party prior to receiving the confidential documentation.

11.  **Disclosure of Confidential Material and/or AEO may not be made to** an Independent Consultant, unless prior to disclosure, the Independent Consultant signs the agreement to be bound by this Protective Order, attached as "Exhibit A."

**Confidentiality Agreement To Be Signed By Certain Persons**

12.  **Counsel shall not disclose any Confidential and/or AEO material to any person**, except retained counsel, and their staff and court reporters and court personnel, **unless prior to disclosure**, the person receiving such material **[ ]** execute**s** an Agreement, (attached as Exhibit A, with this protective order attached as Exhibit No 1 to Exhibit A), which will provide that the person receiving the Confidential or AEO material has fully read this Protective Order, understands its elements and agrees to be bound by the protective order and submits himself to the jurisdiction of this court for purposes of enforcement of this Protective Order.  Counsel for each party who discloses Confidential or AEO Material to any person conditioned on the execution of Exhibit No. **A,** will retain the original, and provide a copy to opposing counsel within three days of execution.

///
///
///
///
///

**Filing Of Documents Or Testimony That Has Been Designated**

**As Confidential or AEO**

13.  If any party wishes to file**[]** documents with the court
that include Confidential and/or AEO designated material, **such**
**party** will in good faith comply with the requirements of Local Rule
79, and will indicate to the court that the material has been
designated under a protective order as either Confidential or AEO,
has been designated as information of which disclosure could result
in harm to the respective party's business, and  may consist of:
(1) confidential business,(2) financial information,(3) customer
information, (4) confidential sales information, or such other
information as the case may be.  Each party will use its good faith
efforts to seek approval for filing under seal, any documentation
received from the other party as designated "Confidential or AEO."

**Motions for Declassification**

14.  To the extent there is any dispute as to over
classification of Confidential or **AEO** material, the parties will
utilize the procedure for obtaining a decision from the court as
set forth in Local Rule 37.

**Termination of Litigation**

15.  Termination of this litigation shall not relieve any
person from the obligations of this Order, unless the court so
orders.  Upon the conclusion or final settlement of this
litigation, all persons subject to the terms, within twenty (20)
business days after such conclusion or settlement, shall assemble
and return to the producing party all Documents containing
"Confidential Material" or "Trade Secret" material (including all
copies thereof) and those portions of transcripts containing

1  "Confidential Material" or "Trade Secret" material, and shall

2  return such outlines, summaries, abstracts, compilations,

3  memoranda, documents and the like which constitute, embody,

4  reflect, contain, concern, or disclose "Confidential Material" or

5  "Trade Secret" material, except that each party's lead litigation

6  counsel of record may retain an archival copy of pleadings,

7  transcripts and work product which contain "Confidential Material"

8  or "Trade Secret" material, which materials shall nonetheless

9  remain subject to this Protective Order.

10      16.  No later than thirty (30) days after the conclusion of

11  the trial and any appeal or other termination of this litigation,

12  all "Confidential Material" and "Trade Secret" material received

13  under the provisions of this Order shall be tendered back to the

14  producing party, or, at the discretion of the producing party,

15  destroyed.  Provisions of this Order insofar as they restrict the

16  use or communication of "Confidential Material" and/or "Trade

17  Secret" material shall, without written permission of the producing

18  party or further order of this Court, continue to be binding on all

19  persons subject to the terms of this Order.

20              **No Waiver Of Claims, Counterclaims, Or Defenses**

21      17.  Neither the entering into of this Stipulation and Order,

22  nor the taking of any action in accordance with the provisions of

23  this Order, nor the failure to object to the taking of any action

24  in accordance with this Order, shall be construed as a waiver of

25  any claim, counterclaim or defense in this case.

26  ///

27  ///

28  ///

## **Modification**

18.   The terms and provisions of this Order are subject to modification, extension or limitation as may be agreed to by all parties in writing and subject to the Court's approval or by order of this Court.


Dated: April 1, 2009                    _____/s/_____
                                        Jacqueline Chooljian
                                        United States Magistrate Judge


APPROVED AND STIPULATED TO:

LAW OFFICES OF ALLEN HYMAN


_____/s/_____
Allen Hyman, Esq.
Attorneys for Plaintiff
MOMENTUM MANAGEMENT LLC d/b/a
BUSHMAN PRODUCTS

CLAUSEN MILLER PC


_____/s/_____
Ian R. Feldman, Esq.
Attorneys for Defendants
MICHAEL KELCH, LISA SHARP,
M.J. PRODUCTS, INC., O YES, and
MJ DISTRIBUTION

**EXHIBIT A**

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

    1.  I, _____, hereby acknowledge that I have read and understand the Protective Order in case CV 07-07863, which is attached to this agreement as Exhibit No. 1 to Exhibit A, and I agree to be bound by all of its terms and conditions;

    2.  I acknowledge that I understand that unauthorized use or disclosure of the "Confidential Material" or "AEO" material may constitute contempt of court and subject me to fines, penalties, damages or other remedies the Court may deem appropriate.

    3.  I acknowledge that I understand that by signing this "Agreement to Be Bound by Protective Order," I consent to the exercise of personal jurisdiction by the District Court for the Central District of California with respect to any proceeding relating to enforcement or breach of this Protective Order, including, without limitation, any proceeding relating to contempt.

DATED: _____

SIGNATURE: _____

ADDRESS: _____

_____

NAME: _____