O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#76

CIVIL MINUTES - GENERAL

| Case No. | CV 07-7863 PSG (JCx) | Date | April 21, 2009 |
|---|---|---|---|
| Title | Momentum Management LLC v. Michael Kelch | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):      Attorneys Present for Defendant(s):

Not Present      Not Present

**Proceedings:**     (In Chambers) Order Granting Defendants' Motion to Amend Counterclaims

     Pending before the Court is Defendants' Motion to Amend Counterclaims. The Court deems this matter appropriate for resolution without oral argument. L.R. 7-15. After considering the papers filed in support of the Application, the Court GRANTS Defendants' Motion.

I.     Background

     Since April 2005, Plaintiff Momentum Management LLC ("Momentum") has manufactured and marketed "adult sexual aids." During the summer of 2006, Defendant Michael Kelch ("Kelch") met with Momentum's two principals, Keith Caggiano ("Caggiano") and Justin Ross ("Ross"). These meetings proved fruitful and ultimately resulted in Momentum and Defendant M.J. Distribution, Inc. ("MJD") entering into an exclusive distribution agreement, under which MJD was to distribute a variety of Momentum's adult sexual aids to a variety of retailers.

     In the fall of 2007, the parties ended their business relationship. At that point, Defendants[1] began manufacturing and marketing their own line of adult novelty products under the name, "O Yes." Shortly thereafter, Momentum filed a complaint against Defendants. In its complaint, Momentum asserted claims for breach of fiduciary duty, intentional misrepresentation, trademark violations, unfair competition, and breach of contract. Then, on

---

[1] Defendants, for the purposes of this Minute Order, refers to Kelch, MJD, and Defendant MJ Products, Inc. ("MJP").

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#76

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7863 PSG (JCx) | Date | April 21, 2009 |
|---|---|---|---|
| Title | Momentum Management LLC v. Michael Kelch | | |

July 28, 2008, Momentum filed an amended complaint, in which it asserted these same claims.

On August 22, 2008, Defendants filed an answer to the amended complaint and also asserted the following seven counterclaims against Momentum: intentional misrepresentation, breach of written contract, breach of oral contract, unfair competition, tortious interference with business relationships, conversion, and unjust enrichment. Momentum filed a timely answer to these counterclaims and also filed some counterclaims to Defendants' counterclaims, including a claim to cancel the United States Trademark Registration of "O Yes."

Presently, Defendants have filed a motion to amend counterclaims.[2] According to Defendants, on March 16, 2009, an associate with the law firm of Clausen Miller P.C., the attorneys of record for Defendants in this matter, conducted a search of Momentum's website. That search revealed that Momentum has been manufacturing and marketing products with the name "O Yeah." Defendants believe that Momentum's use of the O Yeah mark infringes their rights in their O Yes trademark. Accordingly, they have filed the instant motion to amend their counterclaims to include, inter alia, claims for trademark infringement, unfair competition, and false advertising. Momentum initially opposed the motion; however, one week prior to oral argument, Momentum filed a "Further Opposition," in which it concedes that the Court should allow the amendment of the counterclaim. Momentum does, however, state that the Court should "grant the proposed amendment conditionally, subject to severance and bifurcation, depending upon a further analysis of the relationship if any, of the proposed amended counterclaim to the initial claims and counterclaims."

II.     Legal Standard

After a party has amended a pleading once as a matter of course, it may only amend further after obtaining leave of the court, or by consent of the adverse party. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citing Fed. R. Civ. P. 15(a)). The Federal Rules of Civil Procedure provide that "the court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Indeed,

[i]n the absence of any apparent or declared reason-- such as undue delay, bad

---

[2] As noted by Defendants in their Reply, the instant notice of motion mistakenly identifies the moving party as MJD d/b/a MJ Products d/b/a O Yes, and omits Kelch. Defendants admit that this misidentification was the result of "inadvertent mistake" and request that the instant motion and proposed counterclaims be amended to reflect "Michael Klech and MJP dba O Yes."

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#76**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7863 PSG (JCx) | Date | April 21, 2009 |
|---|---|---|---|
| Title | Momentum Management LLC v. Michael Kelch | | |

faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. --the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962); *Eminence Capital*, 316 F.3d at 1052 (citing *Foman*).

According to the Ninth Circuit, while district courts should consider all of the factors delineated above, one factor carries the greatest weight: the consideration of prejudice to the opposing party. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183,185 (9th Cir. 1987). In fact, the Ninth Circuit has gone so far as to characterize prejudice as the "'touchstone of the inquiry under rule 15(a).'" *Eminence Capital*, 316 F.3d at 1052 (quoting *Lone Star Ladies Inv. Club v. Schlotzsky's, Inc.*, 238 F.3d 363, 368 (5th Cir. 2001)). However, absent prejudice, there exists a presumption under Rule 15(a) in favor of granting leave to amend. *Eminence Capital*, 316 F.3d at 1052. This presumption also exists in the absence of a strong showing of any of the remaining *Foman* factors. *Id.*

III.    Discussion

Presently, Defendants seek leave of Court to assert counterclaims against Momentum based on Momentum's allegedly unlawful use of the O Yeah mark.

As an initial matter, the fact that Momentum has consented to the amendment is sufficient reason to permit Defendants to amend the pleading. *See Eminence Capital*, 316 F.3d at 1051 ("After a party has amended a pleading once as a matter of course, it may only amend further after obtaining leave of the court, or by consent of the adverse party.") (citing Fed. R. Civ. P. 15(a)). However, even if Momentum did not consent, amendment would still be proper.

Admittedly, allowing Defendants to expand the issues to be tried will undoubtedly alter the nature of the litigation. However, it will do so only slightly. Defendants' O Yes trademark is already at issue in this case. *See Counterclaim of Plaintiff and Counterdefendant Momentum Management LLC* (Doc # 53) (seeking cancellation of the U.S. Trademark Registration of "O Yes"). Thus, allowing Defendants to bring these counterclaims will not require the parties or the Court to delve into completely unchartered territory or deal with wholly unrelated matters.

Moreover and more importantly, allowing Defendants to amend their counterclaims is not

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#76**

### CIVIL MINUTES - GENERAL

| Case No. | CV 07-7863 PSG (JCx) | Date | April 21, 2009 |
|---|---|---|---|
| Title | Momentum Management LLC v. Michael Kelch | | |

likely to pose an undue burden on Momentum.  This is not a case where the non-moving party is forced to raise an entirely new defense at the eleventh hour, all the while being forced to navigate blindly through a labyrinth of foreign law.  No, since the beginning of this case, the action has centered largely on trademark law.  Presumably, then, Momentum's counsel is well familiar with trademark law, the area of law under which most of the proposed counterclaims arise.  Additionally, both parties concede that the facts relevant to these counterclaims are relatively few and are limited to a small period of time (roughly a forty day period in the spring of 2009).  Thus, any increase in discovery should pose only a slight burden on Momentum.

Lastly, allowing Defendants to proceed will not require any changes to the Court's scheduling order.  In fact, there is no evidence that allowing the amendment will delay the proceedings in anyway whatsoever.

In this Circuit, amendments are to be allowed with "extreme liberality."  *Morongo Valley Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).  The Court sees little reason to depart from this well-established policy.  Accordingly, for the reasons stated above, the Court GRANTS Defendants' motion.

IV.     Conclusion

Based on the foregoing, the Court GRANTS Defendants' motion to amend its counterclaims.

**IT IS SO ORDERED.**