E-FILED
OCT 19 2009
Document #
JS-6

NOTE CHANGES MADE BY THE COURT.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOMENTUM MANAGEMENT LLC d/b/a BUSHMAN PRODUCTS, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL KELCH, LISA SHARP; M.J. DISTRIBUTION, INC. and, M.J. PRODUCTS, INC. dba O YES,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | CASE NO.: CV07-07863 PSG (JCx)<br><br>[~~PROPOSED~~] JUDGMENT |

This matter came before the Court, sitting with a jury, for a four-day trial commencing on July 28, 2009, Honorable Philip S. Gutierrez, District Judge Presiding.

**<u>JURY VERDICT</u>**

Prior to submission of the case to the jury, the Court granted Defendants' Rule 50 Motion for Judgment as a Matter of Law as to: (1) Plaintiff's first claim for Breach of Fiduciary Duty, finding that Plaintiff as a matter of law, had not established

-1-

the existence of a fiduciary relationship between it and Defendants. The Court granted Plaintiff's Rule 50 Motion for Judgment as a Matter of Law in favor of Plaintiff as to MJ DISTRIBUTING, INC. and MJ PRODUCTS, INC. dba O YES ("MJ") and MICHAEL KELCH's ("Kelch") third claim for Breach of Oral Agreement, and fifth claim for Tortious Interference with Business Relationships.

Prior to submission of the case to the jury, Plaintiff requested, and the Court ordered dismissed, Plaintiff's claims against LISA SHARP. Kelch requested, and the Court ordered dismissed, his claims for Breach of Contract against Plaintiff.

The Plaintiff's claims submitted to the jury were claims for: (1) Intentional Misrepresentation; (2) Breach of Contract; and (3) Federal and Common Law claims of Unfair Competition. On August 5, 2009, the jury returned a verdict adverse to Plaintiff on all of the claims submitted.

Defendants submitted to the jury claims of (1) Intentional Misrepresentation; (2) Breach of Contract; (3) Federal and Common Law Unfair Competition; and (4) Trademark Infringement. On August 5, 2009, the jury returned a verdict adverse to Defendants' four claims submitted.

## EQUITABLE RELIEF

The Plaintiff's requests for Equitable and Injunctive Relief were tried by Judge Philip S. Gutierrez without a jury and the following decision was reached. The Court denied, with prejudice, Plaintiff's requests for Equitable and Injunctive Relief, specifically: (1) to enjoin the Defendants from using the letter "O" in any of their trademarks; and (2) to cancel MJ's two trademark registrations, 3,445,020 for O YES (stylized) and 3,467,322 for MIDNIGHT O (stylized) due to MJ's alleged fraud on the United States Patent and Trademark Office in obtaining the registrations.

~~Here, the jury denied Plaintiff's allegations and specifically found that Defendants did not unfairly compete against Plaintiff. The jury necessarily found that neither the marks nor trade dress were confusingly similar. Under the Seventh~~

Amendment, jury fact-finding is binding on the court when addressing equitable claims in the same case.

The Seventh Amendment provides that "no fact tried by a jury shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law." "[I]t would be a violation of the seventh amendment right to jury trial for the court to disregard a jury's finding of fact." Los Angeles Police Protective League v. Gates, 995 F.2d 1469, 1473 (9th Cir. 1993) "[I]n a case where legal claims are tried by a jury and equitable claims are tried by a judge, and the claims are 'based on the same facts,' in deciding the equitable claims the Seventh Amendment requires the trial judge to follow the jury's implicit or explicit factual determinations." Los Angeles Police Protective League, supra at 1473 quoting Miller v. Fairchild Indus., 885 F.2d 498, 507 (9th Cir. 1989), cert. denied, 494 U.S. 1056 (1990).

Here, the "ultimate test" for unfair competition is exactly the same as for trademark infringement: "whether the public is likely to be deceived or confused by the similarity of the marks." New West Corp. v. NYM Co. of California, 595 F.2d 1194, 1201 (9th Cir. 1979). The likelihood of confusion is the central element of trademark infringement. GoTo.Com, inc. v. Walt Disney Co., 202 F.3d 1199, 1205. In the Ninth Circuit, district courts are obliged to consider the following eight factors when evaluating likelihood of consumer confusion: (1) strength of the mark; (2) proximity or relatedness of the goods; (3) similarity of sight, sound and meaning; (4) evidence of actual confusion; (5) marketing channels; (6) type of goods and purchase care; (7) intent; and (8) likelihood of expansion. AMF, Inc. v. Sleekcraft Boats, 599 F.2d 341, 349 (9th Cir. 1979); see also GoTo.Com., 202 F.3d at 1205 ("We have developed eight factors, the so-called Sleekcraft factors, to guide the determination of likelihood of confusion.").

Here, the jury was instructed on the Plaintiff's unfair competition claims. Jury Instruction 34 provided the jury with the factors as set forth under Sleekcraft to

1  ~~consider in determining whether the Defendant's marks were likely to cause confusion~~
2  about the source of the parties' products. Analyzing the facts before it, according to
3  the Sleekcraft factors, the jury found against the Plaintiff on its unfair competition
4  claims. By doing so, the jury necessarily found that the Defendant's use of its marks
5  were not confusingly similar. Accordingly, it would be inconsistent with the Seventh
6  Amendment of the United States Constitution for the court to engage in fact finding
7  contrary to the implicit findings of the jury's verdict. Therefore, plaintiff's request to
8  enjoin the defendants from using the letter "O" in any of its trademarks is denied with
9  prejudice.

10  Plaintiff asserted a counterclaim against MJ for fraud against the United States
11  Patent and Trademark Office and thus, the Court should cancel the defendant's
12  trademark registrations. Plaintiff's claim is denied with prejudice.

13  For a Plaintiff to prevail on such a claim, it must prove that the applicant: (1)
14  made a false representation of a material fact; (2) with knowledge and belief that the
15  representation is false; (3) an intention to induce the listener to act or refrain from
16  acting in reliance on the misrepresentation; (4) reasonable reliance on the
17  misrepresentation; and (5) damage proximately resulting from such reliance. Robi v.
18  Five Platters, Inc., 918 F.2d 1439 (9th Cir. 1991).

19  Here, there is no evidence that Kelch, individually or on behalf of MJ intended
20  to misrepresent any information to the USPTO. During trial Kelch testified as
21  follows:

22  Q:   The application says, "For constriction rings for use in
23       maintaining penile rigidity in men with erectile
24       dysfunction." You wrote that out.?

25  A:   You don't write it out. It's the first time I had ever
26       been to this website. So when you go on it, there was only
27       ~~like four things to choose from and what was the closest.~~ I

1  ~~didn't realize later there were several pages you could have~~
2  gone to. There were different varieties. There's a
3  ~~government site. I was very confused on it.~~
4
5  Upon further cross-examination by Plaintiff's counsel, Kelch testified as follows:

A: It was a government site. When I first went – I did it one time. I went here. I only had four choices when I filled these out. It was a mistake. I'm sorry. The government sites are very confusing. I even had a lady on the phone talking to me, helping me work through it.

Q: How did you go about registering your trademark for Oh, Yes?

A: I went on line. They have an online store, a line thing where you go to the United States Trademark and Patent office. I went on line and started to fill out the trademark application.

Q: Had you ever applied or registered a trademark before/

A: I had never done it before. I had read the previous things where the government site says it's really easy. But when you get into it, once you get into it, it gets kind of crazy.

Kelch's testimony regarding the description of the goods as it appears in the trademark registrations show his innocent confusion and inexperience in connection with applying for trademark registrations. As such, the plaintiff has not established a ~~sufficient evidentiary basis upon which to cancel the trademark registrations.~~

1  ~~Accordingly, plaintiff's claim to cancel the defendant's trademark registrations~~
2  ~~3,445,020 for O YES (stylized) and 3,467,322 for MIDNIGHT O (stylized) is denied~~
3  ~~with prejudice.~~

### PLAINTIFF'S REQUEST TO AMEND PLEADINGS ACCORDING TO PROOF

Plaintiff claims that despite its failure to prove its original 15 U.S.C. § 1125(a)(1)(A) unfair competition claim, Defendants committed false advertising in violation of 15 U.S.C. § 1125(a)(1)(B), related to MJ's claim on its product boxes that the SGS organization examined the products and that they were non-toxic.

Plaintiff failed to raise this issue in the Pre-Trial Conference Order and thus, expressly abandoned this claim. The Plaintiff was aware of the Defendant's packaging on its boxes at the time the lawsuit was filed in 2007 and made a strategic decision to not pursue the claim. Plaintiff failed to present good cause to present this new claim at this late stage of the proceedings. Accordingly, Plaintiff's request to ~~conform the pleadings as to the false advertising claim is denied with prejudice.~~

### PREVAILING PARTY

The Court finds that neither side is the prevailing party no side shall recover its costs.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Plaintiff, MOMENTUM MANAGEMENT LLC D/B/A BUSHMAN PRODUCTS, shall recover nothing from Defendants MICHAEL KELCH, MJ DISTRIBUTING, INC., MJ PRODUCTS, INC. D/B/A O YES. Plaintiff's request to enjoin the Defendants from using the letter "O" in any of their trademarks; and (2) to cancel MJ's two trademark registrations, 3,445,020 for O YES (stylized) and 3,467,322 for MIDNIGHT O (stylized) due to MJ's alleged fraud on the United States Patent and Trademark Office are denied with prejudice, and the action be dismissed on the merits.

1       **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that
2 defendant MJ PRODUCTS, INC. D/B/A O YES shall recover nothing from Plaintiff,
3 MOMENTUM MANAGEMENT, LLC D/B/A BUSHMAN PRODUCTS and the
4 action be dismissed on its merits.
5       No party shall recover its costs.

DATED: 10/19/09

BY: _____
THE HON. PHILIP S. GUTIERREZ

DATED: _____

ENTERED BY: _____
                COURT CLERK

71111.1

## PROOF OF SERVICE

<u>Momentum Management LLC et al. v. Michael Kelch et al.</u>

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 2040 Main Street, Suite 500, Irvine, California 92614.

On October 7, 2009, I served via e-mail the foregoing **[PROPOSED] JUDGMENT** with the Clerk of Court using the CM/ECF system which sent notification of such filing to the following:

Allen Hyman, Esq.
lawoffah@aol.com
Christine Coverdale
ccoverdaleesq@aol.com
Law Offices of Allen Hyman
10737 Riverside Drive
North Hollywood CA 91602

Telephone:  818-763-6289
Facsimile:   818-763-4676

**Attorneys for Plaintiff**
**MOMENTUM MANAGEMENT, LLC**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 7, 2009, at Irvine, California.

Barbara M. Dorsey

-8-

CV07-07863-PSG (JCX)